Appeal number 19-18, Dancel v. Groupon, Inc. Appeal number 19-1831 for the appellant. I will go to Mr. Tomasin. Thank you, Your Honors, and may it please the Court, my name is Ben Tomasin and I'm here today representing Ms. Christine Dancel. Your Honors, there are two main issues flagged in this Rule 23F petition. One is jurisdictional and then the other is order denying class certification. I'll jump right into the jurisdictional issue. Your Honors, this case was filed in 2016 in Illinois State Court. At that time, Ms. Dancel alleged a class of folks affected by Groupon's conduct and limited her class to Illinois residents. There were no allegations in the complaint that limited class membership to citizens of any state. The case proceeded for two years and went through discovery and then Ms. Dancel moved the state court to certify a class and at that time she updated her class definition to come more in line with what the parties learned in discovery about how Groupon's software worked and that class definition still had a close connection to Illinois because that's what Groupon's software requested was Illinois photos taken at Illinois businesses to advertise those businesses. Now when presented with that class definition, Groupon removed the case to the district court but in its notice of removal and at no time since has it provided any affirmative allegations as to the presence of any minimally diverse class plaintiffs. All it's gestured towards is the possibility of minimal diversity and under this court's precedent and the requirements of the Class Action Fairness Act, that's just not enough for this court or the district court to maintain subject matter jurisdiction. You initially conceded when you moved to remand that the parties were minimally diverse. What impact should that have? I think it has no impact for the simple reason that the parties cannot confer subject matter jurisdiction on the court by agreement. One case that we cite primarily in our brief is the Toulon versus Continental Casualty case and if you go back over that record you'll note that in that case that that was one where the plaintiff originally filed in federal court and the parties there also had an agreement in front of the district court that there was subject matter jurisdiction and the parties were minimally diverse. So I don't think that's going to affect this court's decision about whether or not there was jurisdiction in any way. It seems like you would agree here that there certainly is a reasonable probability though that some proposed class member is minimally diverse given the breadth of the class here. Well sure, a couple points to that Your Honor. So first of all we've always agreed that it's possible that there are minimally diverse class plaintiffs here. The concession that Your Honor just referenced and Groupon cites in its opposition papers, I think it goes to that. It's that both at the time the case which was originally filed with a residency limitation and at the time that class certification was moved for with this effective practical limitation, there were the possibility of minimally diverse class plaintiff. Sure, they exist. Wouldn't we say that also in our opening brief with this court? But possibilities aren't enough. And again I'll go back to the Toulon case which I the plaintiff filed the case in federal court. There were allegations in the complaint that said all right this is this case is about these insurance policies that the defendant sold to class plaintiffs across the country. They were authorized to be sold in 32 different states. It came out that there were a hundred seventy thousand some policies that issue and the plaintiff concluded from those facts, similar to what Groupon concludes here, that there are minimally diverse plaintiffs. But this court found that that wasn't enough and it wasn't until the defendant came forward with actual diverse class plaintiffs that this court found that yes it has jurisdiction over the case. If your assertion is correct, could Groupon cure that deficiency here by supplementing the record with one plaintiff who is minimally diverse? Sure. I mean the answer to that question is who knows. I mean in their in their papers they say they don't have any evidence of it but they do have they could seek leave to supplement the record or file and meted jurisdictional facts. This court has discretion to allow that kind of amendment. There was already a an order from this court directed at Groupon's jurisdictional statement pointing out that it wasn't enough. They didn't come forward with any new evidence other than the fact that their software wasn't able to exclude non citizens of Illinois when they collected info from you know members of this class. And so to your other questions it's possible I don't know if they're going to be able to. And I think that brings up another interesting point that the district court in particular requested more briefing on and Groupon raises briefly in its opposition papers and that is if the parties go to the step of conducting additional jurisdictional discovery whether that's before this court or whether this it's on remand to the district court and Groupon is able to meet its burden of identifying one minimally diverse class plaintiff that's a citizen of a state other than Illinois or Delaware then Ms. Dansell has some options. One she can raise a factual challenge if she wants to and two she can conduct her own jurisdictional discovery to show that just like in the In re Sprint Nextel case that was also in front of this court that remand is going to be required in any event under the class action fairness acts local controversy exception because again of this the case that this the close connection that this case has to Illinois. And to that end I also think it's worth pointing out that Groupon states in its brief over and over again that it's delusional to think that perhaps this class consists entirely of Illinois citizens. But I don't think it's delusional at all. It's entirely possible because again if we look at the facts of this case and the way it's entirely possible that there isn't one minimally diverse plaintiff who whose photograph was taken on Instagram and posted on Groupon with a potentially worldwide class. I I think I think there's a distraction with the worldwide class issue. To directly answer your question. Let's say it's a nationwide class with the use of Instagram. You think it's possible that there is not a minimally diverse plaintiff here? I again I'll go back to how I answered your first question your honor. I agree that it's possible that there's a minimally diverse class plaintiff here but Groupon hasn't identified one. But is it also possible that there isn't? I think that's true. And I think one place it's easy to get distracted is Groupon points to that Instagram is accessible worldwide and nationwide right. It received a lot of photos as it put the software into operation. But it's important to remember what photos those were right. They were all photos taken at local Illinois businesses to advertise those businesses. The one example that we put in our reply brief is a series of photos that Groupon received that were taken at a haunted house in Elgin, Illinois. Is it possible that someone from Wisconsin came to that haunted house took a picture posted it to their Instagram profile and that got swept up in this advertising scheme? Sure. Is it likely? I wouldn't say so. But the point at this at this juncture is that this court has said in this Sprint Next Tell case that guesswork about jurisdictional facts just isn't sufficient to carry a party's burden under the Class Action Fairness Act. Whether that's establishing original jurisdiction under CAFA or establishing that the local controversy exception would require remand. Which as I stated before will be the case here if the parties do go forward with jurisdictional discovery. The discussion we've been having has been in terms of possibility. Sure. Your answers remain the if the key term is plausibility? I think for my part I think there's a bit of a fuzzy line between possibility and plausibility. But I think when we look at this court's precedent, when we look at Tillan and then we look at what Groupon has alleged here, the facts in Tillan, the allegations that issue there, there were much stronger here to give rise to a plausible inference of a minimally diverse class plaintiff. So it is plausible that a non-Illinois, non-Delaware citizen visiting Chicago posted and tagged an Instagram photo at a business that ran a Groupon deal? I don't know that I would agree that it's plausible your honor. I do agree that it's possible but again it's under this court's precedent it's Groupon's burden to make that allegation. They haven't made the allegation here so there's just nothing that for this court to hang its jurisdictional hat on and allow the case to go forward and reach the merits of Illinois though? It seemed that the class was broad enough that it applied to all Groupon deals not just those in Illinois. No your honor it is it is Illinois. It's right so the the way the class definition reads it's about photos and other Instagram content that Groupon used to advertise Illinois businesses and those are Illinois deals and therefore there's that connection again to Illinois. Turning over to the the substantive side of this appeal I think there's really two ways to look at the district court's order denying class certification and either way there was an abuse of discretion. So the the first has to do with the mechanics of the district court's decision. Under this court's precedent in Bell, Costello, and the Supreme Court's ruling in Amgen it's clear that what the district court is required to do a class certification is to look at the plaintiff's legal theory and make a determination as to whether that legal theory is supported by common evidence. The merits of that legal theory are just off the table at class certification so to the extent a district court denies class certification by either rejecting a theory outright or by pointing to other theories under which individual evidence might be required that's an abuse of discretion. And in Costello I think there's a pretty good fact pattern that that works in here. There the district court denied class certification because the plaintiffs in that case wanted to proceed on a class basis under one of three prongs in an Illinois wage act. The district court pointed out that well if the plaintiffs fail under that prong one individual plaintiffs still might be able to proceed under prongs one or prongs two which would require individualized evidence and refuse to certify for that reason. But this court looked at that decision said no what the district court has to do is to examine the plaintiff's legal theory, determine whether it's supported by common evidence, and if it is the class should be certified even if failure on that theory might result in individual cases later. The point being that proceeding on a class basis on the plaintiff's theory will have the efficiencies that underlie rule 23. If you proceeded on the plaintiff's theory of identifying just through the username categorically and you lost at summary judgment on that would the individual plaintiffs still be able to pursue their individual cases here on their individual identity? I think the answer is yes. Then how can you proceed under Amgen with the class question here? I think Bell answers that directly. So in Bell there was a the plaintiff's class theory dependent on proof of an unofficial overtime policy. The court noted that if the plaintiffs succeed in that theory everyone would win all at once. If they failed on that theory all the class plaintiffs would face that same legal theory again and again and again even if the court noted individual cases were still brought. So contrast that to the situation at issue here. The district court essentially denied Ms. Dansell's class litigation theory on the Merits Act class certification instead of certifying and then deciding that as to all the class members later. So if this court didn't reverse and the case went forward individually then every single member of the class could again bring that same username theory that Ms. Dansell went forward on and other judges would have to decide okay do I think that falls under the IRPA's definition of identity or it doesn't. There could even be subsequent class claims potentially on that same issue but that wouldn't happen if this court followed the precedent set by Bell and Costello which says that no if the theory is supported by common evidence it should be certified as a class a merits decision can be reached and then there would be a binding judgment on those class members in their individual claims should any be followed or should any follow the case. And then apart from this issue about whether or not the district court inappropriately addressed the merits of Ms. Dansell's claim I also think that to the extent it was allowed to address that claim it just its analysis isn't supported by the text or purpose of the Illinois Right of Publicity Act. The district court like Groupon here in its opposition what it effectively imposed was a requirement that an average viewer or listener of why I guess would be viewer here or Groupon's website would actually know the individuals behind the usernames or behind the photos and that's not something that the IRPA requires. All the actually know that particular individual or that they would be able to identify through the evidence presented at trial that it was that particular individual. I think I think it's more the latter. It wouldn't have to be a Michael Jordan figure who everyone would identify it could be a Jane Doe as long as the evidence linked up to establish that that was Jane Doe's identity. Yeah I try and think about what a trial would look like and then assuming it was a trial on a class basis what the claims process might look like right so Ms. Dansell would go before a jury she would say this was my username the meow Christine username I was the only person that used that username at the time that it appeared in Groupon's advertising based on how Instagram's registration process worked there can be only one username associated with one individual and based on that evidence alone a jury could conclude that yes a reasonable viewer of the website would understand those facts and that because that's Ms. Dansell's username that's not in contest here she's proven identity then we came time to for class members to prove their claims they could just submit an affidavit swearing under penalty of perjury that yes I controlled username X at the time that Groupon used it in advertising and because of this uniqueness this one-to-one relationship between usernames and users there's no other evidence that's needed to prove up a class member's claim and the content of each of those usernames just doesn't matter all that does matter for the purposes of the IRPA for these usernames to be identifying attributes is that they are unique much like a signature or a voice but how do you respond to her response during the deposition that it could be someone is not her I mean you've got the Philly G's meow Christine and you've got the ukulele playing meow Christine how how does the identity analysis factor into that sure so I again I don't think so one thing that Groupon pointed out right was that people don't generally know Christine Dansell by her Instagram username on a day-to-day basis but I think what people generally recognize is how usernames work right everyone has an email address everyone that's going to be viewing Groupon's website the average viewer of Groupon's website is going to have an address and everyone understands that when someone receives an email coming from my email address they understand that that's an email coming from one distinct person you know it's a it's a username it's a unique username and so again all that Miss Dansell has to show to prevail under the IRPA is that I controlled this username at the time it was used by Groupon in its advertising and that's it there's no additional requirements that oh and by the way my meow Christine that would be a subjective standard which is not something that the IRPA looks at rather she just has to establish the relationship and that's why class proceedings were appropriate here you want to reserve the rest of your time I will thank you very good Thank You mr. Thomas and miss Coberly you good morning and may it please the court I'll start with jurisdiction because that's where my colleagues started there's no real issue presented here as to the court's jurisdiction a jurisdictional argument would require arguing that there is no minimal diversity in this case but the plaintiff has conceded that and more importantly the plaintiff has conceded the facts underlying that question I certainly agree that the parties can't create jurisdiction through concession but a party and particularly a plaintiff who crafted a class definition and is the proponent of the class can make concessions factual concessions about who is and who is not in the class that they are propounding miss Coberly if we asked you to supplement the record to identify a plaintiff whose citizenship is not Illinois or Delaware could you do that not right now no if the of course the remedy if there really were a jurisdictional problem would be a remand to the district court and that would be appropriate simply because the issue of citizenship wasn't contested in the district court so we would need the opportunity to put on evidence to challenge what the plaintiffs have contested in this court's cases make clear that we don't have an evidentiary burden unless the plaintiffs contest the fact and we could go back and hire a private investigator or something like that and identify for a for we first of all we need to find a username that was actually the name right so well as I'll get to in a moment usernames are often fictitious they're often designed to obscure the identity of the person using the username so you can't just look at the username and know who it is and that's of course the point we're making on the class certification issue but could we identify a specific human and hire a private investigator and figure out whether they were citizens yes we could do that and we would do it on remand my point on before this court is that would be a that would be a not an effective use of judicial resources because here the plaintiff has conceded the fact not just the jurisdictional issue but the fact that the class may include non-illinois residents in the state courts in the class certification motion which we cited in our notice of removal in paragraph 18 the plaintiff can acknowledge the fact quoting the fact that the class and the subclass may include non-illinois residents in the district court in support of her motion to remand in her brief she said to be clear the plaintiff does not contest that cap is requirement of minimal diversity is satisfied in the replies supporting the motion to remand the plaintiff wrote students at Illinois colleges and military personnel stationed in the state are just two examples of groups likely likely to contain class members who are not also Illinois citizens and on appeal you know you heard my colleagues say he didn't want to concede that it was probable or anything other than possible that the class included a non-illinois resident but it's in his appeal brief he wrote it's likely likely that at least some Instagram content giving rise to class membership was posted to Instagram by non-illinois citizens such as college students or members of the military and that doesn't even account for tourists or people from just over the border we've got cities in Illinois that span that span state borders st. Louis Beloit East Chicago where if there's a business in those states on the Illinois side it's it's as the plaintiff conceived likely that there would be people posting Instagram content that's geolocated to those locations even if they themselves are from outside the versus Southwest Airlines the recent case from this circuit where the court pointed out that it was pretty obvious they could meet minimal diversity but they hadn't alleged for some reason the court says they hadn't alleged it in the notice of removal but the court didn't need to worry about it or send it back to the district court to make that determination because they ultimately concluded there was federal question jurisdiction because here the under underlying fact is conceded that's that's the difference so it's not just a question of quality of allegations here the plaintiff the proponent of the class the drafter of the class definition concedes that it is likely that the class includes people who are not citizens of Illinois and that's what distinguishes the case of course in Miller the court concluded that the but that's just not necessary here because the underlying fact is conceded so the other issues that were raised on appeal relating to jurisdiction aren't jurisdictional issues at all they are process issues and they aren't appropriate in a 23 F appeal which is why it was striking to see them so prominently in the brief when they were not in the petition for review under 23 F so turning to the class certification issue itself the district court here did exactly what this court's cases require it looked at the legal elements of a claim under the Illinois right of publicity act and evaluated whether those elements could be satisfied using common proof the question under the statute just looking at its plain language is whether the attribute in here that would be the username serves to identify the specific human being behind that username to an ordinary and reasonable viewer and the answer to that question is no you cannot evaluate that question based on common evidence you're not saying just to clarify what came up before you're not saying that that individual has to be a Michael Jordan type figure or some person who's well known no you just have to be able to link it up that it is that particular individual whether it's Jane Doe or somebody else correct and and a specific human not just any human but a specific human because it's that individual correct exactly and it uses that phrase that individual both in the provision the definition of individual I'm sorry both in the definition of identity and in the definition of me so we are talking about some attribute that human being I read in the in the in Denzel's reply brief she tries to suggest that it's enough that we can assume that a human being was behind a username and that's not what the statute says it says that individual a specific human being and by the way it's not even clear that we that a that a human being is behind a username at all and that's part of why the court denied class certification usernames why couldn't that be addressed through affidavits as counsel proposed because it goes to the elements of the of the claim it's not just a matter of damages it's not it's it goes to the fundamental issue the whether a whether a username identifies a specific human being is a factual issue and of course it could it could identify a specific human some usernames are names are the same name that you would use in your ordinary life sometimes usernames are famous people sometimes they are not sometimes it would my username could be Linda Coberly and then that might identify me but usernames might also be fictitious they might be specific in the evidence there was a lot of evidence in the record on this issue usernames may be fictitious specifically designed to obscure the identity of the specific human being usernames can be used anonymously Instagram says so in fact you to open an account on Instagram all you have to do is provide an email address well you can have a fake email address to you need to provide a name and email address and that's it nothing else you can use Instagram anonymously the owner of a user of a user username in Instagram may not be a natural person at all it could be a business could be a team or an organization could be a Russian bot there are lots of different ways that this can happen the most we can say is the a username identifies an Instagram account for a period of time because of course you can change your username but a username identifies an Instagram and an Instagram account and an Instagram account doesn't have a right of publicity under the Illinois statute only a natural person a specific natural person has that has that right now again is it possible that a username could identify a specific person of course but it's an individual issue it will require a trial it would require specific evidence about that username about the person etc it can't be resolved on a class-wide basis and that's the basis for the judge's decision denying class certification this this identification piece is very critical given the purpose of a right of publicity statute like the one in Illinois and that is that the underlying issue is to protect people from a use of their identity that creates the impression that that particular human being endorses or appears to endorse a product so if meow Christine doesn't identify a specific human and we submit it doesn't there's no risk that anyone would believe that Christine Denzel endorsed Philly G's it could be Philly also we're talking about a class that's defined so broadly that there might have been a username that was actually Philly G's in disguise to advocate for its own or endorse its own product might have been a baseball team who had a an event at Philly G's and posted content that was geolocated to Philly G's and and that baseball team could have a username they're all different possibilities it simply can't be resolved on a class-wide basis I also want to point out as we've noted that there are other problems with class certification in this case the other elements of class certification including commercial use and consent are things that the court did not reach but would need to before certifying the class here the identity element is simply one piece and the court correctly concluded that that element of a claim under the right of publicity act could not be resolved on a classified basis thank you thank you miss Coberly we'll now go back to mr. Tomasin for your rebuttal argument thank you your honors just two quick points on the the jurisdictional discussion your honors had with counsel her main point was that the concession here wasn't to the it wasn't a legal concession that the court had has subject matter jurisdiction it was a factual concession and I think it's important here to look what kind of factual concessions are possible in this case and I think that's evident in Groupon's notice of removal because as counsel said standing up here a second ago all Groupon's stated was that it was possible or likely or undoubtable that class plaintiffs exist and miss Dansell can agree that's the case but even if that's true that only means it's likely you the district court does it mean it's plausible to go back to judge Brennan's again I don't I don't think it's it's plausible I do think it's possible how is it possible but not plausible even if even if that's what rule eight requires the plausibility right and I think your honor I know why you're pushing back on that sure oh if even if it is plausible this court requires more in Toulon this court said that you just have to identify the state of citizenship of at least one minimally diverse party the issue came up again in Miller as your honor just pointed and had Groupon alleged in their notice of removal or anywhere else for example that this class includes at least one person from the state of that's a citizen of the state of Wisconsin and miss Dansell agreed to that fact then I agree that there would be no issue here there are two parties the the allegations would be enough to satisfy this courts requirement requirement for minimal diversity but we think the court can find that has subject matter jurisdiction at this point and that all just again it goes back to sprint next Hills guesswork is not enough the second point I just wanted to bring up is Groupon here in response to your honors question stated that no it's not saying that you need to be a celebrity to maintain a claim under the IRPA but that's the effect of their view and I think judge Shaw's worldview from Dabrowski and the district courts worldview as well the only individuals that can possibly maintain a claim under the IRPA whether it's for usernames names voices signatures anything else are those individuals who would be generally recognized by the public at large Morgan's Freeman's voice or Johnny Carson's voice to use two examples from Groupon's brief but that was not the point of enacting the IRPA which this held in Martins is is broad it categorically presents certain types of information and then also protects other types of information like Instagram usernames that have this one-to-one relationship between identifier the attributes that are protected and individuals and that's why this case should go forward on the class basis Thank You mr. Tomas and Thank You miss Cobra leave the case will be taken under advisement